IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN SWARTZ,<br><br>Petitioner,<br><br>vs.<br><br><br><br>Respondent.[1] | 8:22CV407<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on preliminary review of Petitioner Austin Swartz' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. Liberally construed, Petitioner submits the following claim in his petition:

Claim One: Petitioner is being held without a parole revocation hearing. Filing No. 1 at 5. For the reasons discussed below, the Court will dismiss the petition without prejudice as the claim is procedurally barred due to Petitioner failing to exhaust his state court remedies prior to filing his petition.

As set forth in 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–the applicant has exhausted the remedies available

---

[1] Although Petitioner did not name a respondent in his Petition, Filing No. 1 at 1, the Court believes the proper respondent would be District Court of Deuel County, Nebraska.

in the courts of the State." The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[2] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). If a petitioner fails to exhaust his state remedies, habeas relief under § 2254 is not available unless "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Here, Petitioner, who was convicted in the District Court of Deuel County, Nebraska in 2014 and was sentenced in 2015 to five years' probation,[3] reoffended prior to his Nebraska probation term expiring and has been incarcerated in Ohio since 2019.

---

[2] Where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

[3] The Court takes judicial notice of Petitioner's Nebraska state court case records in *State v. Swartz*, CR14-22, District Court of Deuel County, Nebraska. Nebraska's judicial records may be retrieved on-line through the JUSTICE stie. *See* https://www.nebraska.gov/justice/case.cgi (last accessed February 15, 2023).

Filing No. 1 at 5 (stating he has been incarcerated in Ohio for 56 months as of the date of the Petition on new charges). Petitioner claims that he is entitled to a revocation hearing on his Nebraska probation term, which to date has not been held, but admits he has not filed any direct or postconviction appeal or any other petitions, applications, or motions concerning the lack of a revocation hearing in any state court, Id. at 2–3, 6, or otherwise exhausted his state court remedies, Id. at 12 (admitting he has not brought his claim to the highest state court having jurisdiction).

Petitioner submits that due to his incarceration in Ohio he filed the instant petition in federal court as it is his "only avenue to relief," Id. at 5, because he has "no access to the state courts [of Nebraska]," and instead has been relegated to contacting his probation officer in an attempt to resolve his claim. Id. at 5, 13–14 (stating that he has tried to contact his probation officer "for years" in an attempt to resolve the issue "outside of a courtroom"). Petitioner then concludes he is unable to access the state courts of Nebraska due to his incarceration but does not explain why his incarceration in Ohio renders him fully incapable of doing so—especially as he was capable of filing the instant petition in this Court—or otherwise assert facts that if true would establish either an absence of available state corrective process or circumstances that would render such process ineffective to protect his rights.[4] Filing No. 1.

---

[4] While it may be possible for a petitioner to forgo the exhaustion requirement where he or she has "has no access to state processes," see Dews v. Tice, No. CV 20-5135, 2022 WL 16556047 at *3 (E.D. Pa. Oct. 31, 2022), courts addressing the exhaustion exception where a petitioner claimed he could not exhaust state remedies because the petitioner was incarcerated in a different jurisdiction were not persuaded an exception applied, especially as the petitioner was able to file in various other courts. See Newberry v. Oklahoma, No. 21-CV-0030-JFH-CDL, 2021 WL 1823116, at *4 (N.D. Okla. May 6, 2021) (finding no exception to exhaustion where a petitioner asserted that he could not "exhaust available state remedies . . . because he is housed in a federal prison and therefore 'has no access to state remedies' " as the petitioner had filed both an appeal in state court and a habeas petition in federal court indicating his access while potentially limited, was not nonexistent). Simply put, while geographical distance or other "circumstances may make it inconvenient or difficult to exhaust available state remedies" that alone is not enough to forgo

As an initial matter, it appears Petitioner could file a motion in the Nebraska state district court addressing the relief he seeks in his Petition pursuant to Neb. Rev. Stat. 29-2267, which provides in relevant part that, "[w]henever a motion or information to revoke probation is filed, the probationer shall be entitled to a prompt consideration of such charge by the sentencing court." This failure to exhaust his habeas claim (or establish entitlement to an exception to exhaustion) renders his Petition subject to dismissal. However, as the Nebraska Supreme Court has found that, "[a]bsent unusual circumstances, the State is not required to extradite the defendant to revoke probation and sentence the defendant before the term of the defendant's foreign incarceration expires," *see State v. Hernandez*, 273 Neb. 456, 463, 730 N.W.2d 96, 101 (2007) (citation omitted), even if Petitioner exhausts his claim he is likely not entitled to the relief he seeks at this time.

As Petitioner does not discuss the procedures available to him in state court and why he is unable to utilize them, this Court cannot find he has exhausted his claim or that any exception applies which would allow review at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review, as the Court determines that the claim asserted by Petitioner has not been exhausted, the petition for habeas corpus, Filing No. 1, is dismissed without prejudice.

2. A separate judgment will be entered dismissing this case without prejudice.

---

exhaustion. *Mathieu v. Hunter*, No. 19-CV-0539-JED-JFJ, 2020 WL 8675790, at *2 (N.D. Okla. July 16, 2020) (a petitioner's indigency and out of state residence did not render exhaustion futile or otherwise waive the exhaustion requirement).

Dated this 17th day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court